```
Kristin Lamar, SBN 262526
Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
Phone (760) 450-3333 • Fax (760) 720-6082
kristin@doanlaw.com
```

Attorney for CARRIE LYN BLUNT

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re:<br>CARRIE LYN BLUNT,<br><br>        Debtor,<br><br>CARRIE LYN BLUNT,<br><br>        Movant,<br><br>vs.<br><br>INDYMAC FEDERAL BANK FSB, THE CIT GROUP CONSUMER FINANCIAL, INC., ONEWEST BANK, FSB<br><br>        Respondents. | Case No    09-02160<br><br>Chapter    13<br><br>**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR VALUATION OF DEBTOR'S RESIDENCE, AVOIDANCE OF JUNIOR TRUST DEED PER 506(d), AND/OR DETERMINATION THAT CLAIM IS NOT A SECURED CLAIM**<br><br>Hearing Date: July 28, 2009<br>Hearing Time: 11:00 a.m.<br>Department:    2 |

<u>MOTION WITH MEMORANDUM</u>

<u>OF POINTS AND AUTHORITIES</u>

I.
<u>JURISDICTION</u>

Jurisdiction is conferred on this Court pursuant to the provisions of 28 USC 1334 in that this proceeding arises from and is related to the above captioned case under Title 11. This Court

1

has both personal and subject matter jurisdiction to hear this case pursuant to 28 USC 1334 and 28 USC 157(b)(2), respectively. This is a core proceeding. This Court also has jurisdiction pursuant to 28 USC 1331 in light of the Federal Subject Matter of 11 USC 506 and/or 11 USC 1322. Venue lies in this District pursuant to 28 USC 1391(b).

## II.
## PERTINENT FACTS

| | | |
|---|---|---|
| 1. | Property Address("Residence"): | 2603 Via Bocas |
| 2. | Borrower ("Movant"): | Carrie Lyn Blunt |
| 3. | Original Lender: | The C I T Group Consumer Financial, Inc. |
| | *(Exhibit "A" of Debtors' Declaration, hereto attached)* | |
| 4. | Present Servicer: | Indymac Federal Bank FSB |
| | *(Exhibit "B" of Debtors' Declaration, hereto attached)* | |
| 5. | Present Owner: | OneWest Bank. FSB |
| 6. | Original Loan Amount: | $50,000.00 |
| 7. | Present Loan Amount: | $52,694.29 |
| 8. | Loan Origination Date: | October 31, 2006 |
| 9. | County Recorder Number: | 2006-0799206 |
| 10. | Trust Deed Recording Date: | November 9, 2006 |
| 11. | Chapter 13 Filing Date: | February 24, 2009 |
| 12. | Appraiser: | Deborah Garrett |
| 13. | Appraisal Date and Value: | March 11, 2009; $283,000 |
| 14. | First Deed of Trust Claim: | $289,869.30 |
| | *(Exhibit "C" of Debtors' Declaration, hereto attached)* | |
| 15. | First Deed Undersecured Amount: | $6,869.30 |

///
///
///
///

## III.
## ARGUMENT

**1) RESPONDENTS' CLAIM IS WHOLLY UNSECURED:**

The Movant makes this motion under F.R. Bankr. P. 3012 which provides:

*The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.*

Respondent[1] is the alleged owner of a junior trust deed on the residence. As referenced in Section II above, the claim of the first trust deed exceeds the value of the personal residence and itself is partially under-secured.

Respondent has no valuable interest whatsoever in the residence securing its alleged claim in light of the first deed of trust. Respondent's claim and Junior Deed of Trust is wholly undersecured since 11 USC 506 provides in pertinent part:

(a) *(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title [11 USCS § 553], is a **secured claim** to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.*

The Ninth Circuit case of In re Zimmer, 313 F.3d 1220 (9th Cir. Cal. 2002), held that a wholly undersecured claim is not a holder of a secured claim.

*PSB Lending is **not the holder of a secured claim** under the definitions provided in the Bankruptcy Code, and therefore its rights may be modified under § 1322(b)(2).* Id at 1222

*"Nonetheless, because PSB Lending is still not a **"holder of a secured claim,"** it cannot qualify for antimodification protection."* Id at 1226

Since Respondent's lien in no way presently attaches to any portion of the residence, it is not the holder of a secured claim pursuant to Bankruptcy Code definitions. Thus, for all intents and purposes, Respondent's claim is unsecured. Respondent is not the holder of a secured claim.

/ / /

/ / /

---

[1] Respondent, its principals, agents, and assigns are "creditors" as defined by 11 USC 101(10) and allegedly owns, holds, and/or services a "claim," as defined by 11 USC 101(5).

2)  **RESPONDENTS' CLAIM MAY BE AVOIDED UNDER 11 USC 506(d):**

11 USC 506(d) provides in pertinent part:

> (D)  *To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, **such lien is void**,*[2]

Ninth Circuit authority provides that 1322(b)2 does not prevent avoidance of a lien under 506(d) when the claim is **not an allowed secured claim.** Recently, in the case of <u>Manriki,</u> 08-9707, Judge Taylor recognized 506(d) in certain situations and stated on page 5, lines 18 to 20:

> *The statement merely correctly notes, consistent with Dewsnup, that section **506(d) would also apply in chapter 13 cases under the right circumstances (when the claim itself has been disallowed).***

A claim is not allowed unless filed pursuant to 501 and 502. A claim filed pursuant to 501 or 502, is deemed allowed unless objected to. Accordingly, Respondent presently does not have an allowed claim and is subject to 506(d).

<u>Zimmer</u> provides that the "antimodification" provisions of 1322(b)(2) do not protect a claimant that is not the **"holder of a secured claim"** of a **"security interest in real property that is the debtor's principal residence."**

> *The plain language of 11 U.S.C. § 1322(b)(2) provides that antimodification protection is only available to holders of secured claims. PSB Lending is **not the holder of a secured claim** under the definitions provided in the Bankruptcy Code, and therefore its rights may be modified under § 1322(b)(2).* Id at 1222

> *"Nonetheless, because PSB Lending is still not a **"holder of a secured claim,"** it cannot qualify for antimodification protection."* Id at 1226

> *We conclude that the **district court erred in holding that a wholly unsecured lien is protected by the antimodification clause of § 1322(b)(2).*** Id at 1227.

The Ninth Circuit observed that the inability to avoid liens under 506(d) per <u>Dewsnup</u> has little relevance in Chapter 13 cases per <u>Enewally v. Wash. Mut. Bank (In re Enewally)</u>, 368 F.3d 1165, at 1170, (9th Cir. Cal. 2004):

> *The rationales advanced in the Dewsnup opinion for prohibiting lien stripping in Chapter 7 bankruptcies, however, **have <u>little relevance</u> in the context of rehabilitative bankruptcy proceedings under Chapters 11, 12 and 13**, where lien stripping is expressly*

---

[2] *"It is the inevitable byproduct of the Section 506(a) valuation process....... Once the value of the secured claim is determined, the attendant lien is **automatically "stripped." No further proceeding, either by motion or complaint, is required.** "* <u>In re Fuller</u>, 255 B.R. 300 at 306, (Bankr. W.D. Mich. 2000)

4

*and broadly permitted, subject only to very minor qualifications. The legislative history of the Code makes clear that lien stripping is permitted in the reorganization chapters.*[3]

Accordingly, since Respondent is not the **"holder of a secured claim,"** nor does it have an **"allowed secured claim,"** 506(d) lien avoidance applies. Since such lien avoidance is entirely consistent with the Ninth Circuit and Supreme Court cases of Lam, Zimmer, Enewally, Dewsnup, and Nobelman, Respondent's Junior Trust Deed is **not an allowed secured claim** and therefore **void** pursuant to **11 USC 506(d)**.

3)   **RESPONDENTS' CLAIM MAY BE AVOIDED UNDER 11 USC 1322(b)(2):**

11 USC 1322(b)(2) allows the modification of rights of holders of claims which are not *"secured only by a security interest in real property that is the debtor's principal residence."* Since Respondent's Junior Trust Deed is not a *"claim secured only by a security interest in real property that is the debtor's principal residence,"* Zimmer provides that it is not the holder of a secured claim. Accordingly, since Respondent's claim is actually **unsecured** it may be modified by the Chapter 13 plan since 11 USC 1322(b)(2) provides for modification of unsecured claims:

> *(b) Subject to subsections (a) and (c) of this section, the plan may-*
> *(2)* **modify the rights of** *holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of* **holders of unsecured claims**, *or leave unaffected the rights of holders of any class of claims.*

Since Respondent is not the holder of a secured claim, it is the holder of an unsecured claim and may be modified in the Chapter 13 plan pursuant to 1322(b)(2). For all intents and purposes, the Chapter 13 plan, 11 USC 1322(b)(2) and 11 USC 506(a), "treats the lien as void," so as to require reconveyance upon completion of the Chapter 13 plan.

4)   **LIEN AVOIDANCE IS NOT CONDITIONAL UPON DISCHARGE:**

Neither the Bankruptcy Code nor Bankruptcy Rules require lien avoidance under 506(d) or modification under 1332(b)(2) conditional upon discharge. 11 USC 348(f)(1)(C)(i) and 11

---

[3] See also Concannon v. Imperial Capital Bank (In re Concannon), 338 B.R. 90, at 95, 2006 Bankr. LEXIS 214, 55 Collier Bankr. Cas. 2d (MB) 1107 (B.A.P. 9th Cir. 2006) and Bartee v. Tara Colony Homeowners Ass'n (In re Bartee), 212 F.3d 277, (5th Cir. Tex. 2000).

5

USC 349(b)(1)(C) provide that liens survive conversion and dismissal, and protect the Respondent in the event the Chapter 13 plan is not completed or if the case gets converted. 11 USC 1325(a)(5)(B)(i) does not apply since the lien is not an "allowed secured claim."

Just like 522(f) has no discharge requirement, 506(d) likewise has no discharge requirement. Likewise, since 1322(b)(2) has no discharge requirement, treatment under 1322(b)(2) pursuant to the Chapter 13 plan likewise requires no discharge requirement. Thus discharge is not required for lien avoidance under 506(d) or modification under 1322(b)(2) in this matter.

## IV.
## CONCLUSION

Movant has properly brought forth this motion to value the personal residence and declare Respondent's lien void under 11 USC 506(d) and/or declare Respondent's lien completely unsecured and treat as void per 11 USC 506(a), 11 USC 1322(b)(2), and the Chapter 13 plan.

**WHEREFORE,** relief is respectfully prayed for as follows:

A. Declaratory Relief **valuing** the residence at **$283,000.00**;

B. Declaratory Relief that the claim is **not an "allowed secured claim;"**

C. Declaratory Relief that any a proof of claim timely filed by Respondent is limited to an **unsecured general claim**;

D. Declaratory Relief that the Deed of Trust **may be avoided immediately pursuant to 11 USC 506(d)** and/or **"treated as void," under 11 USC 506(a), 11 USC 1322(b)(2), and the Chapter 13 plan so as to require reconveyance upon completion of the Chapter 13 plan**; and

E. Such other and further relief as the Court may deem just and proper.

Dated: May 26, 2009                Respectfully submitted,

**DOAN LAW FIRM, LLP**

By:  /s ecf Kristin Lamar
     Kristin Lamar, Esq.

6